### Arthur E. Mathews v. Arthur C. McClaughry.

1. STOCKHOLDERS—*Right to Examine the Records, Papers and Books of His Corporation.*—A stockholder has the right to examine the records, papers and books of his corporation.

2. MANDAMUS—*To Enforce the Rights of Stockholders.*—Before a court will be justified in issuing a writ of mandamus to enforce the right of a stockholder to examine the records, papers and books of his corporation, there must have been some refusal or obstruction interposed to the enjoyment of such right by the party against whom the writ is sought.

Petition for Mandamus.—Trial in the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Writ of mandamus issued; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed May 26, 1899.

ULLMANN & HACKER, attorneys for appellant.

Before applying for a mandamus the petitioner should make an express demand upon the defendant to perform the duty or act required, and there must be a refusal by the defendant to comply.    People v. Mt. Morris, 137 Ill. 576.

E. G. LANCASTER, attorney for appellee.

There is no longer any doubt concerning appellee's right to examine the books, papers and records of his corporation and the remedy under our statute.    Stone v. Kellogg, 165 Ill. 192;  Coquard v. Nat'l Linseed Oil Co., 171 Ill. 482.

MR. JUSTICE HORTON delivered the opinion of the court.
Petition for a mandamus was filed in this case June 10,

1897.  June 16, 1897, appellant filed his demurrer to said petition.  July 1, 1897, W. W. Jackson, who was one of the defendants named in said petition, filed his plea to the jurisdiction.  July 26, 1897, said demurrer of appellant was overruled, and thereupon and on that day, appellant elected to stand by his demurrer, which election was then entered of record.  January 22, 1898, on motion of appellee, said petition was dismissed as to the defendant, Jackson, and the writs, pleadings and proceedings were by the court ordered to be amended accordingly.  It was also at the same time ordered by the court that the default of appellant be entered of record; that a writ of mandamus issue against appellant; that appellee recover against appellant the costs in said cause to be taxed, and that he have execution therefor.

It appears from the allegations in said petition, that appellee is a stockholder in the corporation "W. W. Jackson & Co."  The prayer of the petition is that the attorney or agent of appellee be permitted to examine the books and papers of said corporation.

Said defendant Jackson and the appellant are the only defendants named in said petition.  It is stated in said petition "that Jackson and Mathews are president and secretary, respectively, and have exclusive charge, custody and control of the records, books of account, contracts, papers, etc., belonging to said corporation."  Also that appellee is prevented from examining said books and papers " of which the said defendants have the sole custody and control."  These are the only charges or averments in regard to appellant.  There is no averment that there is any concert of action, collusion or conspiracy between said Jackson and appellant, or between appellant and any other person, or that appellant was aware of any demand upon said Jackson to see said books and papers, or that appellant ever in any way or manner hindered, delayed or prevented the examination of said books and papers by appellee or his agent or attorney.  Neither is there any averment or claim of any demand or request of or upon appellant to see said

books and papers, or any refusal on his part in that regard.

The petition abounds in charges against said Jackson personally, charges which, if sustained, would fully justify the issuing of a writ of mandamus against him. It, however, contains no charges against appellant which warrant the issuing of such a writ against appellant, or the entry of a judgment against him for costs. It is stated by counsel for appellee that said Jackson and appellant " were each, one as much as the other, in possession of the books," etc. It follows, if this be correct, that a demand upon each was necessary.

We fully agree with counsel for appellee, that there is no longer any doubt as to the right of a stockholder to examine the records, papers and books of his corporation. But it is equally well settled law that before a court will be justified in issuing a writ of mandamus to enforce such right, there must have been some refusal or obstruction interposed to the enjoyment thereof by the party against whom the writ is sought. Appellee never was entitled to such writ against appellant under the averments of his petition, and when he voluntarily dismissed said petition as to the defendant Jackson, no writ should have been issued.

In his argument filed in this court, counsel for appellee says this " is one of that kind of cases that requires an heroic remedy; and when that remedy is once administered, the results sought to be produced should not be postponed until the patient is dead." Very good; but the implied criticism can hardly attach to the court when counsel delayed for six months to ask for the writ after the trial court had decided that he was entitled to it. Neither can such criticism thus apply when counsel voluntarily removes the only medium through which the court could apply the only remedy.

Appellant is not liable for the costs to be taxed. The judgment of the Circuit Court must be reversed and remanded.